IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**TIERRE HILL**                                                                            **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 5:20-cv-9-DCB-MTP**

**SERGEANT LAURA JACKSON**                                     **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion for Summary Judgment [13] filed by Defendant Sgt. Laura Jackson. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Defendant's Motion [13] be DENIED.

## BACKGROUND

On January 21, 2020, Plaintiff Tierre Hill, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983. The allegations in Plaintiff's complaint occurred while he was incarcerated as a post-conviction inmate at the Wilkinson County Correctional Facility ("WCCF"). In his complaint, Plaintiff alleges that the Defendant violated his constitutional rights during a use-of-force incident on November 25, 2019. Plaintiff alleges that Defendant sprayed him with a chemical agent that caused irritation to the skin on his arms and facial area and that Defendant did not provide him any medical attention following the use of the chemical agent. Plaintiff demands monetary damages.

On April 20, 2019, Defendant filed a Motion for Summary Judgment [13], arguing that this action should be dismissed because Plaintiff failed to exhaust available administrative remedies. Plaintiff did not file a response to the Motion.

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the

1

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs.*, L.P., 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

## ANALYSIS

In the Motion for Summary Judgment [13], Defendant argues that Plaintiff failed to exhaust his administrative remedies prior to filing this action. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). The United States Court of Appeals for the Fifth Circuit held that "[s]ince exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.* at 272. Because exhaustion is an affirmative defense, Defendant bears the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Id.* at 266.

The Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement. *Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Mississippi Code § 47-5-801 grants the Mississippi Department of Corrections ("MDOC") the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy

Program ("ARP") through which an inmate may seek formal review of a complaint relating to any aspect of his incarceration. *See* MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK at Ch. VIII. The ARP is a two-step process. An inmate is required to submit his initial grievance or request, in writing, through the Inmate Legal Assistance Program ("ILAP") within thirty days of an alleged incident. If, after screening, the grievance or request is accepted into the ARP, an official will issue a First Step Response. If the inmate is unsatisfied with the First Step Response, he may continue to the Second Step by using ARP form ARP-2. *See* MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK at Ch. VIII.

On or about November 25, 2019, Plaintiff submitted a grievance complaining about Defendant's use of force on November 25, 2019. *See* Resp. [13], Ex. A. at 2. On January 13, 2020, MDOC's statewide ARP Director, Richard Pennington, sent Plaintiff a notice that his grievance had been rejected because it sought relief that was beyond the power of the ARP and MDOC to grant. *See* [13-1]. Plaintiff signed for receipt of the rejection notice on January 15, 2020. Plaintiff did not resubmit a grievance. Instead, on January 21, 2020, Plaintiff filed his complaint in this court.

The Fifth Circuit "strictly" applies the PLRA's exhaustion requirement. *Cowart v. Erwin*, 837 F.3d 444, 451 (5th Cir. 2016). Even so, only "available" remedies need be exhausted. *Ross v. Black*, 126 S. Ct. 1850, 1855 (2016). A remedy is "available" only if it is "capable of use to obtain some relief for the action complained of. *Id.* at 185. Effectively, a rejection at the screening stage operates as a pre-step-one – or "step zero" – rejection from which no appeal can be taken within the ARP system. *Berry v. Wexford Health Sources*, 2016 U.S. Dist. LEXIS 97333, 2016 WL 4030934 (S.D. Miss. Jul 26, 2016). This "step zero" rejection denies entry into the ARP. *Bell v. Mgt. & Training Corp.*, 2017 U.S. dist. LEXIS 201570, 2017 WL 6060885

4

(S.D. Miss. Dec. 7, 2017). After rejection of the request to enter the ARP, the petitioner lacks any available administrative remedy. Plaintiff was prohibited from appealing the rejection by the ARP's own rules. There was simply "no next step (save filing a lawsuit) to which" Plaintiff could advance, and he had therefore "pursue[d] the grievance remedy to conclusion." *Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015). With no available administrative remedy, Plaintiff now looks to the courts to adjudicate his claim.

Defendant has not met its summary judgment burden of proving that Plaintiff failed to exhaust available administrative remedies. *Dillon*, 596 F.3d at 266. To the contrary, the record confirms that Plaintiff sought administrative redress for his complaints within MDOC's grievance-processing scheme as far as the MDOC and the ARP director would allow him.

## RECOMMENDATIONS

For the foregoing reasons, the undersigned recommends that Defendant, Sgt. Laura Jackson's, Motion for Summary Judgment [13] be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objection to proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal objected to proposed factual

findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

    This is the 20th day of July 2020.

                                          s/ Michael T. Parker

                                          United States Magistrate Judge