UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

TIERRE HILL                                          PLAINTIFF

VS.                            CIVIL ACTION NO. 5:20-cv-9-DCB-MTP

SERGEANT LAURA JACKSON                                DEFENDANT


ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Sergeant Laura
Jackson ("Jackson")'s Motion for Summary Judgment [ECF No. 13] and
Magistrate Judge Michael T. Parker's Report and Recommendation
("R&R") [ECF No. 15].  On August 3, 2020, Defendant Jackson filed
her objections to the Report and Recommendation [ECF No. 16].
Having reviewed the Report and Recommendation, the objections,
applicable statutory and case law, and being otherwise fully
informed of the premises, the Court finds as follows:

Background

Plaintiff Tierre Hill ("Hill") filed his complaint pursuant
to 42 U.S.C. § 1983. [ECF No. 1]. In his complaint, Hill alleges
that Jackson violated his constitutional rights during a use of
force incident on November 25, 2019. Id. Plaintiff alleges that
Jackson sprayed him with a chemical agent that caused irritation
to the skin on his arms and facial area, and that he was not
provided any medical attention following the use of the chemical
agent. Id.

1

Before filing suit in this Court, Hill submitted a "Request for Administrative Remedy" to the Mississippi Department of Corrections ("MDOC") Administrative Remedy Program ("ARP"). [ECF No. 13-1]. In his request, Hill described the incident and asked the MDOC for monetary relief. Id.

Hill's request was rejected. Id. The ARP rejection form explains that Hill's request was denied by the Director of ARP because it asked for relief "beyond the power of the ARP department to grant." Id.

Jackson filed a Motion for Summary Judgment [ECF No. 13], arguing that this action should be dismissed because Plaintiff failed to exhaust available administrative remedies. Magistrate Judge Parker carefully reviewed the matter and found that the Defendant has not met the summary judgment burden of proving that the Plaintiff failed to exhaust available administrative remedies. [ECF No. 15]. For this reason, Judge Parker recommends that the Motion for Summary Judgment be denied. [ECF No. 15]. Jackson filed objections claiming (1) that the R&R is premised on an inaccurate description of the evidence in the record and (2) that the R&R is inconsistent with legal authority directly on point with this case. [ECF No. 16].

<u>Standard of Review</u>

A motion for summary judgment will be granted when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the moving party to carry its burden." Beck v. Texas State Bd. of Dental Examiners, 204 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). The Court must view "the evidence in the light most favorable to the nonmoving party." Id. However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" Turner v. Baylor Richardson Medical Center, 476 F.3d 337, 343 (5th Cir. 2007) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

When a party objects to a Report and Recommendation, this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Longmire v. Guste, 921 F.2d 620, 623 (5th Cir. 1991). "Parties filing objections must specifically identify those

3

findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." <u>Allen v. Outlaw</u>, No. 5:14-cv-60-DCB-MTP, 2015 WL 4759268, at * 2 (S.D. Miss. Aug. 12, 2015). Moreover, "no factual objection is raised when a petitioner merely reurges arguments contained in the original petition." <u>Hinton v. Pike County</u>, No. 18-60817, 2018 WL 3142942, at *1 (S.D. Miss. June 27, 2018). A de novo review means that this Court will "examine the entire record and will make an independent assessment of the law." <u>Lambert v. Denmark</u>, No. 2:12-cv-74-KS-MTP, 2013 WL 786356, at *1 (S.D. Miss. Mar. 1, 2013). In conducting such a review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." <u>Koetting v. Thompson</u>, 995 F.2d 37, 40 (5th Cir. 1993).

## Analysis

Defendant Jackson first objects to the claim that the R&R is premised on an inaccurate description of the evidence in the record. [ECF No. 16]. After reviewing the evidence, the Court disagrees. The Fifth Circuit "strictly" applies the Prison Litigation Reform Act ("PLRA")'s exhaustion requirement. <u>Cowart v. Erwin</u>, 837 F. 3d 44, 451 (5th Cir. 2016). Even so, only "available" remedies need be exhausted. <u>Ross v. Black</u>, 126 S. Ct. 1850, 1855 (2016).

MDOC Policy 20-08-01 ("The Policy") lists several requests for which the relief sought is beyond the power of the MDOC to grant; monetary relief is not listed as one which is beyond the power of the MDOC. [ECF No. 13-2]. The Policy did not put Hill on notice that his requested relief was beyond the power of MDOC prior to his request for relief with the ARP as Jackson suggests. [ECF No. 16]. Furthermore, the Wilkinson County Correctional Facility ("WCCF") Inmate Handbook, indicates that relief that is beyond the power of the MDOC to grant cannot be appealed through the ARP process. [ECF No. 13-3]. Hill's request was rejected because it asked for relief beyond the power of the ARP department to grant. [ECF No. 13-1]. Once Hill's request was rejected, according to the WCCF Inmate Handbook, he was unable to appeal. [ECF 13-3]. Therefore, after reviewing the evidence the Court agrees with Judge Parker's finding that the "Plaintiff was prohibited from appealing the rejection by the ARP's own rules." [ECF No. 15] at 5.

Jackson's second objection claims that the R&R is inconsistent with legal authority directly on point with this case. However, this argument reasserts her claim that Hill had an opportunity to resubmit a corrected grievance seeking relief that could be addressed through the ARP process, such as an investigation of the subject incident to determine whether there was a violation of MDOC policy. See [ECF No. 14]. This argument is

a restatement of Defendant's prior claim and thus has already been reviewed by Magistrate Judge Michael Parker. Id.

Jackson specifically relies on Morris v. Walker, in which this Court found, "even if a prisoner seeks relief that cannot be granted by the administrative process, such as monetary damages, he must first exhaust all administrative remedies prior to filing suit." Morris, No. 5:16-CV-122-DCB-MTP, 2018 WL 2758258, at *2 (S.D. Miss. June 8, 2018) (citing Woodford v. Ngo, 548 U.S. 81, 85 (2006)). In Morris, the Petitioner filed his complaint with the Court "prior to receiving the First Step Response". Id. at 83. Here, Hill filed an initial request with the MDOC seeking monetary relief and received his rejection letter prior to filing his complaint with the Court. Hill took his request as far as the ARP would allow before commencing action in this Court. Moreover, Judge Parker's findings are consistent with this Court's previous ruling in Bell v. Mgmt. & Training Corp., No. 5:16-CV-39-DCB-MTP, 2017 WL 6060885, at *1 (S.D. Miss. Dec. 7, 2017).

Having conducted a de novo review of the portions of the R&R objected to and having reviewed the remainder for plain error and finding none, the Court is satisfied that Magistrate Judge Parker has undertaken an extensive examination of the issues in this case and has issued a thorough opinion which the Court has adopted.

Accordingly,

6

IT IS HEREBY ORDERED that Magistrate Judge Parker's Report and Recommendation [ECF No. 15] is ADOPTED as the findings and conclusions of this Court.

IT IS FURTHER ORDERED that the Defendant's objections [ECF No. 16] are OVERRULED.

SO ORDERED this the 17th day of November, 2020.

/s/ David Bramlette

UNITED STATES DISTRICT JUDGE